James Jones 45647-424
_____
(Name)

USP Leavenworth
_____
(Institution Register No.)

P.O. Box 1000, Leavenworth, KS, 66048-1000
_____
(Current Mailing Address)

# FILED

## AUG 12 2016

TIMOTHY M. O'BRIEN CLERK
By: _____ Deputy

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JAMES JONES _____, Plaintiff
(Full and Correct Name)

vs.

DEPARTMENT OF JUSTICE,

L. LARIA, Warden, et al. Defendants
USP Leavenworth,

CASE NO. _16-3173-SAC-DJW_
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 28 U.S.C. 1331

## A. JURISDICTION

1) JAMES JONES _____, is a resident of Illinois
      (Plaintiff)                                       (State of residency prior to
                                                         incarceration)

who presently located at P.O. Box 1000, Leavenworth, Kansas, 66048-1000.
                              (Mailing address or place of confinement.)

2) Defendant L. LARIVA _____ is a resident of
              (Name of first defendant)

Terre Haute, Indiana _____, and is employed as
      (City, State)

Warden _____, and may be
      (Position and title, if any)

located at 4200 Bureau Rd North, Terre Haute, At the time the claim(s) alleged
            (Address for service of process)

in this complaint arose, was this defendant acting under the color of state law? Yes ☐ No ☒

If your answer is "Yes", briefly explain: _____

_____

3) Defendant ___Jeff Lamping_____ is a resident of
          (Name of first defendant)

   ___Terre Haute, Indiana_____, and is employed as
          (City, state)

   ___Mediaal Department Head_____, and may be located at
          (Position and title, if any)

   ___4200 Bureau Rd. North, Terre Haute, Indiana___. At the time the
          (Address for service of process)

   claim (s) alleged in this complaint arose was this defendant acting under the color of state

   law? Yes ☐  No ☒ . If your answer is "Yes", briefly explain:

   _____

   _____

   (Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331(3). (If you wish to assert jurisdiction

   under different or additional statuses, you may list them below.)

   _____

   _____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

   On July 19, 2014, I was placed inside of the special housing unit

   at the Federal Correctional Institution located in Terre Haute, IN.

   Several of the cells were heavily infested with black mold on the

   walls and in the showers.  Though I made the institution aware, I

   was forced to live and breath in toxic spores from the black mold.

   Making matter worse, the drinking and bathing water was contaminated

   with Total Coliform – a form of E. Coli due to feces mixed in the water.

   As a result, I lost the nails on 2 of my big toes and contracted the
   H. Pylori virus.  Records prove that the institution violated water
   treatment policies during my stay in the SHU.  Please refer to the Declaration.

## C. CAUSE OF ACTION

1) I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Due to the institution's negligence, medical records show that I was exposed to and infected by black mold in the special housing unit (SHU).

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

On July 19, 2014, I was placed into the special housing unit (SHU at FCI Terre Haute.  Several of the cells contained black mold in which despite institution's being made aware and my numerous complaints, I was forced to live and breath in spores.  (See attached Declaration)

B) (1) Count II: I contracted the H. Pylori virus from contaminated water that I was forced to drink for an extended period of time while held inside of the SHU.

(2) Supporting Facts: Records show that I did not test for H. Pylori until after being placed inside of the SHU and being forced to drink water contaminated with Total Coliform – more specifically, a form of E. Coli due to feces mixed in the water.  (See attached Declaration).

C) (1) Count III: _____

(2) Supporting Facts: _____

_____

_____

_____

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts

involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☐ No ☒ . If your answer is "Yes", describe each lawsuit. (If there is more than

one lawsuit, describe the additional lawsuits on another piece of paper, using the same

outline.)

    a) Parties to previous lawsuit:

        Plaintiffs: ___NA_____

        Defendants: ___NA_____

    b) Name of court and docket number ___NA_____

_____

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still

       pending?) ___NA_____

_____

    d) Issues raised ___NA_____

    e) Approximate date of filing lawsuit ___NA_____

    f) Approximate date of disposition ___NA_____

4

XE-2 (F)          CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

## E. ADMINISTRATIVE RELIEF

1) Have you presented all grounds for relief raised in this complaint by way of BP-9,

   BP-10, and BP-11 grievances? Yes [x] No [ ].

2) If your answer to (1) is "Yes", state the date of disposition, result and reasons given

   for the administrative decision _The dates of the disposition are too_

   _numerous to mention.  I have attached a copy of the dispositions,_
   _all of which denied any fault_

3) If your answer to (1) is "No", list each ground not fully presented through the

   administrative grievance process and explain why it was not _____

   _____

4) Describe all other procedures you have used (such as tort claim or Parole

   Commission administrative appeals procedures) to exhaust administrative remedies as

   to each issue raised. _A tort claim was filed,_ and _answered in both cases_ on

   _2/16/16 and 3/17/16.  Both have been denied._

## F. REQUEST FOR RELIEF

5) I believe that I am entitled to the following relief:

   _I am requesting $2,549,000.00 in collective damages_ in distributed

   _____

   _____ X _James Jones_

   Signature of Attorney (if any)                          Signature of Petitioner

   _____

   _____

   _____
   (Attorney's full address and telephone number)

XE-2 (F)          CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

DECLARATION OF JAMES JONES

I, the undersigned, certify and declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct, and I have personal knowledge of the facts herein.

On July 19, 2014, I was placed into the special housing unit (SHU) located at the Federal Correctional Institution at 4200 Bureau Road North in Terre Haute, Indiana. When I was placed inside of the SHU, I was healthy. But it was also during this time that the staff at FCI Terre Haute failed to comply with the total coliform rule. It was later discovered that the water had been infected with E. Coli due to fecal matter mixing into the water. The drinking and bathing water inside of the SHU was came out in shades of dark brown to black. I complained, requesting on numerous occasions for bottled water. The staff refused to provide me with bottled water for drinking. I was forced to drink the infested water from the faucets.

The water in the shower was the same color as the drinking water. I was also forced to shower in this water.

At the time, a memo had been circulated around the compound describing the water treatment violation at the institution. We were not made privy to this memo inside of the SHU. This was merely rumored by other men coming inside and leaving outside of the SHU. In fact, I did not actually see a copy of the memo until almost 2 years in that one of the prisoners happened to keep a copy for his records.

Prior to my receiving a copy of the memo, I initiated a complaint against the bathing and drinking water that we were being forced to use. Additionally, several of the rooms that I was assigned during my stay inside of the SHU were contained black mold. The showers often flooded with black grime - a combination of the black mold and the infested water. Eventually, records show that the nails on both of my big toes became infected and had to be surgically removed. It was also later discovered that I had contracted the H. Pylori virus while inside of the SHU.

Meanwhile, the FBOP denied that I contracted H. Pylori from the water and the existence of black mold being inside of the units. But once the issue escalated to the central office, all prisoners were suddenly transferred to the SHU in the USP Terre Haute due to mold and corrosion being found in the plumbing pipes.

I exposed to and consequently contracted H. Pylori at the institution. I now test positive for the H. Pylori virus. I did not test positive for H. Pylori prior to being forced t o drink and bath in the infected water. While the FBOP continued to deny the fact that the water was contaminated, I now possess administrative records showing that the water showed contamination for total coliform, specifically H. Pylori due to feces being in the water, while I was inside of the SHU. It is my understanding that there is no cure currently for H. Pylori, and the damage that may be caused is difficult to determine in advance. Therefore, I will test for H. Pylori for the rest of my life as a result of the FBOP's negligence.

The staff of the institution continuously attempted to lie or cover up the fact that the water was contaminated with E. Coli and that the mold existed even as I was suddenly diagnosed with H. Pylori and we were transferred as a result of the mold in the pipes.  The worst part is that I went through every available procedure simply to make the staff aware and to get water that was being sold on commissary.  I was refused even the right to purchase water to replace the contaminated water that I was being forced to drink.

After exhausting all available administrative remedies, I attempted to file separate tort claims for each issue - black mold and the water.  My claims were eventually denied.

I am presenting to this court unequivocal evidence which proves that the water was contaminated with total coliform, the existence of mold, the staffs' blatant refusal to provide me with clean water, the fact that my toe nails had to be removed due to infection, and that I contracted the H. Pylori virus.  I am entitled to damages.

This affidavit is signed by me on this 28th day of July 2016.

James Jones, Declarant

**E X H I B I T S**

**Exhibits**

Exhibit A – Warden's Response to BP-9 (2/2/15)

Exhibit B – Letter to Warden from ACLU (3/6/15)

Exhibit C – Attempt at Informal Resolution

Exhibit D – Response from Warden (6/17/15)

Exhibit E – FMC Rochester Blood Work Results (9/16/15)

Exhibit F – Attempt at Informal Resolution (9/9/15)

Exhibit G – BP-9 (9/10/15)

Exhibit H – Inmate Request To Staff Response (9/15/15)

Exhibit I – Response from Warden (9/23/15)

Exhibit J – BP-10 (10/1/15)

Exhibit K – Administrative Remedy Receipt (10/19/15)

Exhibit L – Memo Announcing Institution's Failure to Meet Water Monitoring
            Requirements (Distributed 9/18/14)

Exhibit M – Administrative Remedy Receipt (10/20/15)

Exhibit N – Response from Regional Director (10/21/15)

Exhibit O – Receipt of Administrative Remedy Request (10/30/15)

Exhibit P – Response from Warden (11/3/15)

Exhibit Q – BP-11 (11/4/15)

Exhibit R – USPS online tracking form (11/17/15)

Exhibit S – Administrative remedy Receipt (12/7/15)

Exhibit T – Receipt of Administrative Remedy (12/21/15)

Exhibit U – Letter Regarding Tort Claim (2/29/16)

Exhibit V – Tort Claim Denial Letter (3/17/16)

Exhibit W – Tort Claim Denial Letter (3/23/16)

Remedy No.: 804585-F1                                        FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted on December 16, 2014, in which you allege cells 1, 2, and 3, on C-Lower Range, contain "black mold," which gave you a foot and toe infection. As relief, you request for the black mold to be removed from all cells located in the FCI's Special Housing Unit.

A review of your request reveals there is insufficient evidence to determine a causal relationship between mold and your toe infection. Upon investigation of the cell(s) in question, "hazardous" concentrations of mold were not found. HDQC2 Clean and Go is provided to inmates on a regular basis by the Special Housing Unit staff for the purpose of cleaning their cells. Please find below the manufacturer's information in regard to this product.

"HDQC2 is effective against antibiotic-resistant bacteria like methicillin resistant Staphylococcus aureus (MRSA) and Vancomycin resistant Enterococcus faecalis (VRE)."

MULTI SURFACE USES:
Versatile, HDQC2 disinfects hard, non-porous inanimate environmental surfaces such as floors, walls, metal surfaces, stainless steel surfaces, porcelain, glazed ceramic tile, plastic surfaces, bathrooms, shower stalls, bathtubs, and cabinets. It's also designed for general cleaning and disinfecting, HDQC2 is excellent for use in larger areas such as operating rooms and patient care facilities

MILDEWSTAT:
To control mold and mildew and the odors they cause on pre-cleaned, hard, non-porous inanimate surfaces, add 2 ounces of this product per gallon of water. Apply solution with a cloth, mop, sponge or hand pump trigger sprayer making sure to wet all surfaces completely. Let air dry. Repeat application at weekly intervals or when mildew growth appears."

F.C.C. Terre Haute is committed to provide a safe living and working environment for staff and inmates.

Therefore, your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Ave., Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

2/2/15
Date

L. LaRiva, Warden



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana 47802*

⌐ of the Warden

March 6, 2015

Randy Kendall
ACLU
1031 East Washington St.
Indianapolis, Indiana 46202-3952

RE:    Jones, James
       Register Number 45647-424

Dear Ms. Kendall:

This is in response to your correspondence dated February 12, 2015, in which you express concern for inmate Jones, James Register Number 45647-424. You have inquired about the medical care he is receiving for his toe nails and eye trouble, caused by breathing the air in his cell which contains black mold.

A review of Mr. Jones medical file reveals on September 9, 2014, Mr. Jones was examined and treated in sick call by the Mid-Level Provider (MLP) for complaints of thickened toenails. The MLP discussed proper nail care with Mr. Jones and noted that if nail care fails to alleviate the problem, then removal of the nails may be necessary. Mr. Jones was instructed to follow up with our sick call procedures as needed. No subsequent sick call complaints for toenail problems have been submitted by Mr. Jones as of the writing of this response since his September exam.

On February 12, 2015, Mr. Jones was examined by the MLP for complaints of nasal congestion, dry eyes, and pain with deep inspiration. The MLP diagnosed Mr. Jones with Allergic Rhinitis, and treated him with Prednisone, Flunisolide, and Artificial Tears. Additionally, a chest x-ray was ordered which was essentially negative. Mr. Jones was instructed to follow up with sick call procedures as needed if problems persisted or worsen. No further sick call requests have been received at this time.

Mr. Jones had made complaints of black mold in his cell; however, upon inspection by the safety department, the "mold" he was referring to was actually identified as mildew, for which cleaning supplies are offered in the Special Housing Unit regularly.

I trust this addresses your concerns.

Sincerely,

L. LaRiva, Warden

**FCC Terre Haute**
**Attempt at Informal Resolution**

| Inmate Name: JONES, JAMES | Reg. No.: 45647-424 | Unit: 3K (SHU) |
| --- | --- | --- |

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

| Dept. Assigned: UNIT MANAGEMENT | Due Date: 05-19-2015 |
| --- | --- |

Section 1: Briefly state inmate's complaint and requested corrective action(s):

I/M STATES THAT THE WATER IS CONTAMINATED AND CONTAINS FECES AND OTHER ELEMENTS HARMFUL TO HUMAN CONSUMPTION, SEVERAL TIMES THE WATER IN CELL HAS COME OUT BROWN WHICH PROVES IT NOT SUITABLE FOR DRINKING. I/M ON COMMISSARY DENIAL ARE NOT ALLOWED TO PURCHASE ANY FOOD ITEMS BUT ARE ALLOWED TO PUCHASE BOTTLE WATER WHICH ADDS CREDENCE TO THE FACT SOMETHING IS WRONG WITH THE WATER.

CORRECTIVE ACTION REQUESTED:  WOULD LIKE THE OPPORTUNITY TO PURCHASE BOTTLE WATER.

Section 1a: ☐ **Informally Resolved/Complaint Withdrawn**

| Inmate's signature | Date | Staff Printed Name/Signature |
| --- | --- | --- |

Section 1b: ☐ **No Informal Resolution/Progress to BP-9**

| Inmate's signature | Date | Staff Printed Name/Signature |
| --- | --- | --- |

Section 2: Document efforts to resolve the matter to include policies reviewed.  Note any reasons an informal resolution could not be achieved.

A review of your request reveals all requirements of monitoring and testing of the FCI's drinking water system are compliant with the State of Indiana's Drinking Water Permit, and the Environmental Protection Agency. The institution is required to test for contaminants which are harmful to humans. Testing is completed as required, and has been increased during times of concern, to ensure the water's quality.  The test results can be requested through the Freedom of Information Act if desired.

Testing has proven the water has not been contaminated with E-Coli (fecal matter bacteria) or bacterial contaminants which would affect the health of humans.  The sediment, which may appear in the water at times, consists of iron and manganese, which is normal in groundwater.  According to research and documentation from Purdue University, Indiana Department of Environmental Management and the North Carolina Cooperative Extension, "Manganese ranges from 0.02 to 1.0 ppm in Indiana ground water. At levels greater than 0.05 ppm manganese tends to fall out of solution and form black flakes. The presence of iron and manganese in water is not considered a health problem. In fact, small concentrations are essential to human health. However, high concentrations of iron may give the water an unpleasant metallic taste while still being safe to drink."

Though the water may look unpleasant to drink at certain times, all testing has shown the water meets Safe Drinking Water Standards and Regulations.

A request to purchase bottled water, while in the Special Housing Unit, must be granted by the Captain, however there is no indication this is warranted.

Furthermore, FCC Terre Haute is committed to provide a safe environment for staff and inmates.

| Section 3: | **DEPARTMENT HEAD REVIEW** |
| --- | --- |

| __Jeff Lamping /s/_____ | __05-18-205_____ |
| --- | --- |
| Dept. Head Name Printed//Signature | Date |

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor.  If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

Remedy No.: 822792-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted May 29, 2015, in which you allege the water inside your cell is not suitable for consumption. As relief, you request authorization to purchase bottled water from the commissary.

Per Program Statement, 5270.10, Special Housing Units (SHU), "While in the SHU, inmates are not permitted to purchase or maintain bottled water inside their cells as condition of confinement. These items pose a threat to the secure and orderly running of the unit for various reasons."

A review of your request reveals on May 15, 2015, the Safety Department addressed your complaint in a previous correspondence and reassured you the water in the Special Housing Unit is potable. Additionally, according to the water sample test, the water has not been contaminated.

Therefore, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

6/17/15
Date

L. LaRiva, Warden

 **Federal Bureau of Prisons**

**FMC Rochester**
2110 E. Center Street
Rochester, MN 55904
507-287-0674

*** Sensitive But Unclassified ***

| | | |
|---|---|---|
| **Name** JONES, JAMES | **Facility** USP Terre Haute | **Collected** 09/14/2015 14:30 |
| **Reg #** 45647-424 | **Order Unit** **RCH Unit** | **Received** 09/16/2015 12:41 |
| **DOB** 06/24/1976 | **Provider** Genevieve Daugherty, PA-C | **Reported** 09/16/2015 15:52 |
| **Sex** M | | **LIS ID** 259152118 |

| HEMATOLOGY | | | |
|---|---|---|---|
| Platelet | 231 | 150-450 | K/uL |

| HEMOGLOBIN A1C | | | |
|---|---|---|---|
| Hemoglobin A1C | 5.1 | <5.7 | % |
| 5.7 - 6.4 Increased Risk | | | |
| > 6.4 Diabetes | | | |

| SEROLOGY | | | |
|---|---|---|---|
| H pylori IgG | A | Positive | Negative |

---

**FLAG LEGEND**    L=Low  L!=Low Critical   H=High  H!=High Critical   A=Abnormal  A! =Abnormal Critical

**FCC Terre Haute**
**Attempt at Informal Resolution**

| Inmate Name: JONES, JAMES | Reg. No.: 45647-424 | Unit: 3K (SHU) |
|---|---|---|

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

| Dept. Assigned: HEALTH SERVICES | Due Date: 09-16-2015 | |
|---|---|---|

Section 1: Briefly state inmate's complaint and requested corrective action(s):
I/M STATES THAT IN THE MONTH OF MAY HE HAD LAB WORK ORDERED BY MLP DAUGHTERY AND DR. BAILEY, ITS SEPTEMBER, NOTHING HAS BEEN DONE. I/M STATES THAT HE HAS A TOENAIL THAT NEEDS REMOVED IT WAS ALSO SUPPOSE TO BE DONE IN JUNE.

CORRECTIVE ACTION REQUESTED: I/M WOULD LIKE HIS MEDICAL ISSUES TAKEN CARE OF, INSTEAD OF BEING TOLD TO PUT IN FOR SICK CALL AND BEING CHARGED.

**Section 1a: ☐ Informally Resolved/Complaint Withdrawn**

| | | |
|---|---|---|
| Inmate's signature | Date | Staff Printed Name/Signature |

**Section 1b: ☒ No Informal Resolution/Progress to BP-9**

K SCAMIHORN RN
FCC TERRE HAUTE

James Jones          9/9/15          K-Scamihorn

| Inmate's signature | Date | Staff Printed Name/Signature |
|---|---|---|

Section 2: Document efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

You have an order for pending labs to be drawn and a pending appointment for a toenail removal. Both are classified as routine, non-emergent procedures and will be scheduled as time and resources permit.

| Section 3: | **DEPARTMENT HEAD REVIEW** | |
|---|---|---|

K Klein AHSA          9-9-15

| Dept. Head Name Printed//Signature | | Date |
|---|---|---|

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor. If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | JONES JAMES | 45647424 | SHU | Terre Haute FCC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Since September 2014 I have been taking laxative just to use the bathroom I be and I have no intention my medical records will show I have been going to seek out about this issue, in May 2015 it was ordered for me to be tested for an internal invasion through blood work it is now September and nothing has been done my hemorrhoids has got me sick now I have to pay $300 for a 3rd time for the same problem. I also was scheduled to have my hemorrhoids removed in June 2015 and was canceled and just now was suppose to be removed 2 weeks later its now September. All my medical issues were because of the environment in the FCI SHU. Now I am being told I'm on a list to be seen and its not urgent, I'm on a list and have been taking the meds in pain for two bloodwork 2-3 weeks here needs more history too on either way to handle no response one time needs constant urgent! I feel I am being retaliated against and have to have the ACLU write letters just to get medical attention.

| 9/10/15 | *James Jones* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

# RECEIVED
## USP Terre Haute

### SEP 15 2015

## Administrative
## Remedy Clerk

_____   _____
DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____   _____
DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN

Last, First: Jones, James
Reg. No.: 45647-424
FCI:       UNIT 3- USP SHU

## Inmate Request to Staff Response

This is in response to your Request to Staff, received on September 18, 2015, in which you request to know why you were moved from the FCI Special Housing Unit to the USP Special Housing Unit and why do you remain in the Special Housing Unit after your sanctioned disciplinary segregation ended.

A review of your request reveals you were placed in the USP Special Housing Unit due to a renovation project at the FCI Special Housing Unit. You remain in the USP Special Housing Unit after the completion of your disciplinary segregation because of an active court case with the AUSA.

I trust this response adequately addresses your concerns pertaining to these matters.

9-15-16
Date

L. LaRiva, Warden

Remedy No.: 835474-F1                                    FCC Terre Haute, IN

### PART B - RESPONSE

This is in response to your Administrative Remedy receipted September 15, 2015, in which you allege your medical needs are not being addressed. You request no relief.

A review of your medical record reveals you are receiving appropriate and timely care for your medical complaints. You have an active order for Calcium Polycarbophil (fiber pills) which was refilled on September 10, 2015. Lactulose (constipation medication) was renewed September 10, 2015 without a sick call visit and/or co-pay.

On September 15, 2015, laboratory tests which were classified as routine, non-emergent/urgent tests were drawn and the results are pending.

You have a pending appointment for a second toenail removal. The toenail removal is classified as a routine, non-emergent/urgent procedure and will be scheduled as time and resources permit.

Per Program Statement 6031.02, Inmate Copayment Program, "Inmates will be charged a copay fee for a medical evaluation requested by non-clinical staff if the condition is not an emergency."

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

9/23/15
Date

Charles A. Daniels, Complex Warden

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Jones        James_          _45647-424_     _SHU_        _FCC Terre Haute_
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT           INSTITUTION

Part A - REASON FOR APPEAL My medical needs are not being met in this institution. I
as Just tested for Hpylui on September 14, 2015 I have been trying to get tested Since Sept. 2014
have a toenail that was infected in the FCI SHU Showers and needs to be
moved I was scheduled for June 2015 removal which I have in a written statement
om the warden to the ACLU it is now OCtober my toe nail still has not been
moved. I only want my medical needs attended to like every other inmate
it I am being retaliated against here at Terre Haute, FCC. LAb work was
One on 9/14/15 which Showed I was infected with Hpylori and kidney problems
d again on 9/18/15 LAb work was done if these issues would have been addressed
a timely manner maybe my health issues would not be an issue.

_10/1/15_                                    _James Jones_
   DATE                                   SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED
OCT 19 2015

_____                           _____
       DATE                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _835474-R1_

Part C - RECEIPT

                                             CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                           _____
       DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                              BP-230(13)

RECEIPT - ADMINISTRATIVE REMEDY

Water

DATE: OCTOBER 19, 2015


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : JAMES JONES, 45647-424
      TERRE HAUTE USP     UNT: 3     QTR: Z03-111L


THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 838900-F1
DATE RECEIVED   : OCTOBER 14, 2015
RESPONSE DUE    : NOVEMBER 3, 2015
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       :

## IMPORTANT INFORMATION ABOUT YOUR DRINKING WATER
## TOTAL COLIFORM RULE
## MONITORING REQUIREMENTS NOT MET FOR
### FCI & FPC – Terre Haute

Our water system recently violated a drinking water standard. Although this is not an emergency, as our customers, you have a right to know what happened, what you should do, and what we are doing to correct this situation.

We are required to monitor your drinking water for specific contaminants on a regular basis. Results of regular monitoring are an indicator of whether or not our drinking water standards meet U.S. EPA's health standards. During August, 2014, (following a positive routine sample on July 24, 2014) we did not collect three (3) of the five required five (5) samples for Total Coliform and therefore cannot be sure of the quality of our drinking water at that time.

What should I do?

There is nothing you need to do at this time.

What does this mean?

This is not an immediate risk. If it had been, you would have been notified immediately.

What Happened?   What is being done? Explain below..

There was an administrative oversight in regard to the requirements for collecting five (5) distribution water samples the following month from a positive distribution sample collected on July 24, 2014. FCI & FPC Terre Haute collected two (2) of the required five (5) for August, 2014, which is consistent with the Bacteriological "Standardized Monitoring Framework" for FCI & FPC Terre Haute.

FCI & FPC Terre Haute will collect five (5) distribution samples by September 19, 2014.

We anticipate resolving the problem within ten __(10) days__ .
                                    (estimated time frame)

For more information, please contact __Jeff Lamping, ESCA__ at
                                    (name of contact)

___(812)238-3478___ ,     or  _4200 Bureau Road North, Terre Haute, IN 47802_.
(phone number)                              (mailing address)

Please share this information with all other people who are drinking this water, especially those who may not have received this notice directly (for example, people in apartments, nursing homes, schools, and businesses). You can do this by posting this notice in a public place or distributing copies by hand or mail.

This notice is being sent to you by _FCI & FPC – Terre Haute_
                                    (system name)

Public Water Supply ID# __IN5284018__ .
              (PWSID #)

Date Distributed __September 18, 2014__

Tier 2

## Public Notice Instructions

You are required to provide the public notice within 24 hours upon learning of the violation. You must use one or more of the following methods to deliver the notice to consumers:

- Radio
- Television
- Hand or direct delivery
- Posting in conspicuous locations
- Publishing in newspaper within the area served

You may need to use additional methods since notice must be provided in a manner reasonably calculated to reach all persons served. You may modify the public notice to tailor it to your specific situation, but you must still include all the required elements and the health effects language in italics must remain unchanged. This language is mandatory.

After issuing the notice

Send a copy of each type of notice and the enclosed certification form within ten (10) days from the time you issue the notice to the following address:

Indiana Department of Environmental Management (IDEM)
Drinking Water Branch (DWB)
100 N. Senate Avenue, MC 66-34
Indianapolis, IN 46204-2251
Fax: (317) 234-7436

---

### CERTIFICATION FORM FOR PUBLIC NOTICE

PWS Name: __FCI & FPC – Terre Haute__     PWSID # __IN5284018__
  (public water system name)         (public water system number)

For Violation: __TCR Monitoring & Reporting__   Occurring on: __August, 2014__
  (describe violation or situation)       (insert date)

The public water system indicated above hereby affirms that public notice has been provided to consumers in accordance with the delivery, content, and format requirements and deadlines in 327 IAC 8-2.1-7.

- Consultation with primacy agency (if required) on _____
                                 (insert date)
- Notice distributed by _____ Posting _____ on ____ September 18, 2014 ____.
              (insert method)           (insert date)
- Notice distributed by (if needed) _____ on _____
                  (insert method)           (insert date)
- Content – required elements.

Signature of Owner or Operator     Date  9/18/2014

# Coliform bacteria

From Wikipedia, the free encyclopedia

Coliform bacteria are a commonly used bacterial indicator of sanitary quality of foods and water. They are defined as rod-shaped Gram-negative non-spore forming bacteria which can ferment lactose with the production of acid and gas when incubated at 35–37°C.[1] Coliforms can be found in the aquatic environment, in soil and on vegetation; they are universally present in large numbers in the feces of warm-blooded animals. While coliforms themselves are not normally causes of serious illness, they are easy to culture and their presence is used to indicate that other pathogenic organisms of fecal origin may be present. Such pathogens include bacteria, viruses, or protozoa and many multicellular parasites. Coliform procedures are performed in aerobic or reduced oxygen conditions.



*Escherichia coli*

Typical genera include:[2]

- *Citrobacter,*
- *Enterobacter*
- *Hafnia*
- *Klebsiella*
- Fecal coliform:
- Escherichia

*Escherichia coli (E. coli),* a rod-shaped member of the coliform group, can be distinguished from most other coliforms by its ability to ferment lactose at 44°C in the fecal coliform test, and by its growth and color reaction on certain types of culture media. When cultured on an EMB (eosin methylene blue) plate, a positive result for *E. coli* is metallic green colonies on a dark purple media. Escherichia coli have an incubation period of 12–72 hours with the optimal growth temperature being 30–37°C. Unlike the general coliform group, *E. coli* are almost exclusively of fecal origin and their presence is thus an effective confirmation of fecal contamination. Most strains of *E. coli* are harmless, but some can cause serious illness in humans. Infection symptoms and signs include bloody diarrhea, stomach cramps, vomiting and occasionally fever. The bacteria can also cause pneumonia, other respiratory illnesses and urinary tract infections.[3][4]

## See also

- Bacteriological water analysis
- Coliform index
- Fecal coliform

- Indicator bacteria
- Pathogenic Escherichia coli

## References

1. ^ American Public Health Association (APHA), *Standard Methods for the Examination of Water and Wastewater* (19th ed.), APHA, Washington, DC (1995).
2. ^ *The Microbiology of Drinking Water (2002) – Part 1 -(h2o) Water Quality and Public Health*; Department of the Environment
3. ^ Todar, K. "Pathogenic *E. coli*" (http://www.textbookofbacteriology.net/e:coli.html). *Online Textbook of Bacteriology*. University of Wisconsin–Madison Department of Bacteriology. Retrieved 2007-11-30.
4. ^ "*Escherichia coli*" (http://www.cdc.gov/ecoli/index.html/). *CDC National Center for Emerging and Zoonotic Infectious Diseases*. Retrieved 2012-10-02.

Retrieved from "http://en.wikipedia.org/w/index.php?title=Coliform_bacteria&oldid=606808398"

Categories: Bacteria  Foodborne illnesses  Water quality indicators  Bacteria stubs

- This page was last modified on 2 May 2014 at 19:23.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. By using this site, you agree to the Terms of Use and Privacy Policy. Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 20, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : JAMES JONES, 45647-424
      TERRE HAUTE USP     UNT: 3     QTR: Z03-111L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 835474-R1
DATE RECEIVED   : OCTOBER 19, 2015
RESPONSE DUE    : NOVEMBER 18, 2015
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       :

**U. S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**   835474-R1

This is in response to your Regional Administrative Remedy Appeal received on October 19, 2015. You allege you have been denied appropriate medical care.   For relief, you request immediate medical attention.

We have reviewed the documentation related to your appeal.   Based on this review, we concur with the manner in which the Warden addressed your concerns.   You have consistently been provided timely and appropriate medical care in accordance with Program Statement 6031.04, Patient Care, and the National Drug Formulary.   A review of your electronic medical record indicates you have been evaluated in Health Services on multiple occasions.   We have learned you are scheduled for a Chronic Care visit in the near future.   At that time, you are encouraged to discuss with your provider your concerns regarding your healthcare.   The Health Services Department will continue to monitor your medical needs.   If your condition worsens, you may sign up for sick call and be re-evaluated. Given this, we shall defer diagnostic and treatment interventions to the Health Services staff at the local level.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

Date  10/21/15

Sara M. Revell, Regional Director



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ☒ Region | ☐ Central |
|---|---|---|
| SHU 3 | Unit | |

USP SHU C-110L

# Receipt of
# Administrative Remedy

Inmate Name: Jones, James        Reg. No.: 45647-424

Administrative Remedy No.: 835474-R1

Received on this __30th__ day of __October__, 2015.

M. Mill COUNSELOR
Signature/Title of Staff

## Inmate Copy

Remedy No.:  838900-F1                                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted October 14, 2015, in which you allege you contracted H. Pylori from contaminated water in the Special Housing Unit (SHU) at the Federal Correctional Institution (FCI).  As relief, you request authorization to purchase bottled water while housed in the SHU at the United States Penitentiary (USP).

A review of your request and your medical record reveals you were diagnosed with H. Pylori in September 2015 and you are still currently receiving treatment for that diagnosis.  You did not contract H. Pylori due to contaminated water, nor was the water contaminated with fecal matter. Bottled water is not an approved item on the Commissary list for SHU inmates at this time, nor is there a medical necessity for you to purchase bottled water.

Drinking water sampling and analysis has proven the water has not been contaminated with E-Coli (fecal matter bacteria) or bacteria contaminants which would affect the health of humans. The discoloration and/or sediments, which may appear in the water at times, consist of iron and manganese, which is normal in groundwater.

Therefore, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101.  Your appeal must be received within 20 calendar days of the date of this response.


_11-3-15_

Date                                                         Charles A. Daniels, Complex Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Jones    James__ _____ __45647-424__ __SHU__ __FCC Terre Haute__
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** The Regional Office States I will be seen in the near future. On 9/16/15 my Lab results came back Showing my Potassium level was High Critical and Dr. Rupska was alerted, because my kidneys were in danger. On 9/17/15 I was taken to medical and told I would be going out ASAP to have my kidneys checked via ultra sound. I was given some medicine to help bring my level down, and tested the next day. The medicine brought it down for "that" day and Dr. Rupska took me off the list for urgent medical attention. This is another form of retaliation which I have been dealing with here at FCC Terre Haute. I ask that my medical needs be dealt with instead of put off.

__11/4/15__
DATE

_James Jones_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 16 2015

Administrative Remedy

_____
DATE

FIRST COPY: WASHINGTON FILE COPY

GENERAL COUNSEL

CASE NUMBER: __835474__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

USP LVN

# USPS.COM

## USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 70140510000147951238

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

### Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 9, 2015 , 9:36 am | Departed USPS Facility | WASHINGTON, DC 20018 |

Your item departed our USPS facility in WASHINGTON, DC 20018 on November 9, 2015 at 9:36 am. The item is currently in transit to the destination.

| November 8, 2015 , 10:12 am | Arrived at USPS Facility | WASHINGTON, DC 20018 |
| November 3, 2015 , 8:22 pm | Departed USPS Facility | INDIANAPOLIS, IN 46206 |
| November 3, 2015 , 6:26 pm | Arrived at USPS Facility | INDIANAPOLIS, IN 46206 |

## Track Another Package

**Tracking (or receipt) number**

[                    ]  Track It

## Manage Incoming Packages

Track all your packages from a dashboard. No tracking numbers necessary.

**Sign up for My USPS ›**



**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 7, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JAMES JONES, 45647-424
      TERRE HAUTE USP    UNT: 3    QTR: Z03-152LAD
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE,  IN 47802


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 835474-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : NOVEMBER 16, 2015
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR  INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ☐ Region | ☒ Central |
|---|---|---|
| SHU (3) Unit | | |

USP SHU G-150L

# Receipt of
# Administrative Remedy

Inmate Name: Jones, James        Reg. No.: 45647-424

Administrative Remedy No.: 835474-A1

Received on this __21st__ day of __December__, 2015.

M. Mill    counselor
Signature/Title of Staff

# Inmate Copy



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

02-29-2016

JAMES JONES, #45647-424
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN 47808

      Re: Administrative Claim for Damages
      Claim #:      TRT-NCR-2016-02628      $  400,000.00

Dear Claimant:

      This is to notify you of our receipt of your administrative claim for damages under provisions of the <u>Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq.</u>, alleging liability of the United States Government.

      Your claim was received on 02-16-2016. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 08-15-2016.

      Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                   Sincerely,
                   Richard W. Schott
                   Regional Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS   66101*

MAR 1 7 2016

James Jones
Register No. 45647-424
USP Terre Haute
P.O. Box 33
Terre Haute, IN   47808

Re:   Administrative Claim Number TRT-NCR-2016-02628
       Personal Injury

### CERTIFIED NUMBER 7013 1710 0002 3407 7458

Dear Mr. Jones:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>.   Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.   This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>.   If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS   66101*

MAR 2 3 2016

James Jones
Register No. 45647-424
USP Terre Haute
P.O. Box 33
Terre Haute, IN   47808

Re:   Administrative Claim Number TRT-NCR-2016-00392
      Personal Injury

**CERTIFIED NUMBER 7013 1710 0002 3407 7489**

Dear Mr. Jones:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u> (FTCA).   Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.   This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>.   If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

**CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Civil Rights Complaint Pursuant To 28 U.S.C. 1331, the Declaration Of James Jones, all Exhibits, and this document are true and correct, each has been filed in good faith, and I have personal knowledge of the facts therein.

A copy of each document featuring my original signature where applicable has been mailed to the clerk of this court on this day to be filed upon receipt. Additionally, a copy of each document has been mailed to the Defendant at the following addresses:

```
U.S. Department of Justice          Warden L. Lariva
Office of Legal Counsel             FCI Terre Haute
Tenth St. & Constitution Ave., NW   Legal Liaison
Robert F. Kennedy Building          4200 Bureau Road North
Washington, DC  20530               Terre Haute, IN  47808
```

This document has been signed by me on this 28th day of July 2016.

JAMES JONES, Declarant
Federal Register No. 45647-424
United States Penitentiary
1300 Metropolitan Avenue
Post Office Box 1000
Leavenworth, Kansas  66048-1000